# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| DERON BARTON, <br> EDMOND GOSSELIN, and <br> ERIN MCNALLY, <br><br> Plaintiffs, <br><br> v. <br><br> VILLAGE MORTGAGE COMPANY and <br> BAY EQUITY LLC a/k/a VILLAGE <br> MORTGAGE A DIVISION OF BAY EQUITY <br> HOME LOANS a/k/a VILLAGE A DIVISION <br> OF BAY EQUITY HOME LOANS a/k/a BAY <br> EQUITY HOME LOANS, <br><br> Defendants. | Civil Action No. 2:19-cv-00318-GZS |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Deron Barton, Edmond Gosselin, and Erin McNally complain and demand a jury trial on all issues triable of right by a jury against Defendants Village Mortgage Company and Bay Equity LLC a/k/a Village Mortgage a Division of Bay Equity Home Loans a/k/a Village a Division of Bay Equity Home Loans a/k/a Bay Equity Home Loans, as follows:

1.    Deron Barton ("Barton") is a citizen of the State of Maine and a resident of Cumberland County.

2.    Edmond Gosselin ("Gosselin") is a citizen of the State of Maine and a resident of Franklin County.

1

3. Erin McNally ("McNally") is citizen of the State of Maine and a resident of Cumberland County.

4. Village Mortgage Company ("Village") is a Connecticut limited liability company and a citizen of the State of Connecticut.

5. Bay Equity LLC a/k/a Village Mortgage a Division of Bay Equity Home Loans a/k/a Village a Division of Bay Equity Home Loans a/k/a Bay Equity Home Loans ("Bay Equity") is a California limited liability company and a citizen of the State of California.

6. The court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

7. Venue is appropriate in the District of Maine because a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in the State of Maine.

8. Barton, Gosselin, and McNally are former employees of Village. While employed by Village, Barton, Gosselin, and McNally were at all times relevant hereto based in the State of Maine and worked out of an office maintained and leased by Village in Portland, Maine.

9. Village provides or provided mortgage loan brokerage services. During their employment at Village, Barton and Gosselin worked as loan originators at Village. McNally worked as a loan processor.

10. Village agreed to pay commissions to Gosselin based on the aggregate amounts of the closed and funded loans that he originated.

11. Village agreed to pay commissions to Barton based on the aggregate amounts of the closed and funded loans that he originated. Village also agreed to pay override bonuses to Barton on all closed and funded loans originated by the Portland office of Village and all closed and funded loans that were Premier Lending products.

12. Village agreed to pay McNally a bonus for each closed and funded loan that she processed.

13. Village has not paid commissions and/or bonuses owed to Barton and Gosselin and has not paid bonuses owed to McNally.

14. Village owes Barton, Gosselin, and McNally $30,995.59, $50,713.44, and $4,290 respectively in unpaid commissions and/or bonuses.

15. Village has paid $1,770 in bonuses to McNally, but this payment was not made by her next established pay day.

## Count I – Violation of 26 M.R.S. § 626

16. By failing to pay the commissions and/or bonuses due to Barton, Gosselin, and McNally by their next established pay day, Village has violated 26 M.R.S. § 626.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Village in the amount of the Plaintiffs' unpaid wages, including statutory interest, an additional amount equal to twice the amount of their unpaid wages as liquidated

damages, attorneys' fees, costs, and grant any additional relief to which any Plaintiff is entitled.

## Count II – Breach of Contract

17. Village has breached the material terms of its agreements with Barton, Gosselin, and McNally, specifically its agreement to pay commissions and/or bonuses for closed and funded loans.

18. As a direct and proximate result of Village's breaches, Plaintiffs have suffered damages, in that they have not received the employment compensation to which they are entitled.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Village in the amount of the Plaintiffs' damages, plus interest and costs, and grant any additional relief to which any Plaintiff is entitled.

## Count III – Successor Liability of Bay Equity

19. On information and belief, Village has recently been sold to Bay Equity or Village has sold substantially all of its assets to Bay Equity.

20. At least 25 individuals previously employed by Village are now employed by Bay Equity.

21. Bay Equity is now operating at several locations where Village maintained a branch office, including:

   a. Bethany, Connecticut;

      b. Niantic, Connecticut;

      c. South Windsor, Connecticut;

      d. West Hartford, Connecticut;

      e. Milford, Massachusetts; and

      f. Waltham, Massachusetts.

22. On Bay Equity's publicly accessible website, Bay Equity advertises several of its employees as current "lending professional[s] at Village."

23. On Bay Equity's publicly accessible website, it advertises its Glastonbury, Connecticut branch as follows: "The lending professionals at Village are dedicated to helping you will [sic] all your home mortgage needs."

24. On Bay Equity's public accessible website, Village is advertised as a division of Bay Equity.

25. On information and belief, the sale of Village or its assets to Bay Equity was not made with sufficient consideration.

26. Village is in the process of liquidating assets that were not purchased by Bay Equity.

27. Most employees of Village that were not brought into Bay Equity are no longer employed by Village, which on information and belief has few remaining employees.

28. On information and belief, Village has shut down its office locations that were not sold to Bay Equity and is not taking on new mortgage loan brokerage business.

29. On information and belief, Village has merged with Bay Equity, with Bay Equity as the surviving entity.

30. There has been a de facto merger of Village and Bay Equity.

31. As of April 29, 2019, Village Mortgage A Division of Bay Equity Home Loans and Village A Division of Bay Equity Home Loans are assumed names of Bay Equity.

32. Bay Equity is the successor to Village with respect to Village's liabilities to Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Bay Equity in the amount of damages for which Village is liable to the Plaintiffs and any other amounts for which Bay Equity is liable, plus interest and costs, and grant any additional relief to which any Plaintiff is entitled.

Dated at Portland, Maine this 13th day of August, 2019.

    /s/ Michael T. Devine
Paul F. Driscoll
Michael T. Devine
NORMAN, HANSON & DETROY, LLC
Two Canal Plaza
P.O. Box 4600
Portland, ME 04112-4600
Tel.: (207) 774-7000
pdriscoll@nhdlaw.com
mdevine@nhdlaw.com
*Attorneys for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Michael T. Devine, attorney for Plaintiffs, hereby certify that on August 13, 2019, I electronically filed the within document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to such counsel as have entered an appearance in this matter.

/s/ Michael T. Devine
Michael T. Devine
Attorney for Plaintiffs

Norman, Hanson & DeTroy, LLC
Two Canal Plaza
P.O. Box 4600
Portland, Maine 04112-4600
(207) 774-7000
mdevine@nhdlaw.com