# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| DERON BARTON et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Docket no. 2:19-cv-00318-GZS ) |
| VILLAGE MORTGAGE COMPANY, | ) ) ) |
| Defendant. | ) |

## ORDER ON MOTION TO DISMISS

Before the Court is Plaintiffs' Motion to Dismiss the Amended Answer and Counterclaims of Defendant Village Mortgage Company (ECF No. 33). Having reviewed the Motion as well as the related memoranda filed by the parties (ECF Nos. 34 & 36), the Court hereby GRANTS the Motion.

### I. FACTUAL BACKGROUND

In 2014, Defendant Village Mortgage Company ("Village") became licensed to originate mortgage loans in Maine. (Am. Ans. (ECF No. 28) ¶ 8.) In 2017, it hired Plaintiff Deron Barton ("Barton") to serve as a Senior Loan Originator and the manager of its new Portland branch. (Id. at ¶¶ 9, 11.) Village hired Plaintiff Erin McNally ("McNally") when it hired Barton, and she began working out of the Portland office in January 2018, as a Loan Processor and Branch Operations Manager. (Id. at ¶¶ 20 & 22.)

In November 2018, Village recruited and hired Plaintiff Edmond Gosselin ("Gosselin") to work as a Senior Mortgage Loan Originator at the Portland branch. (Id. at ¶ 30) Gosselin signed an offer letter containing terms of employment, which included a sign-on bonus of $108,000, to

be paid over the first twelve months of employment. (Id. at ¶¶ 33-35.) The offer letter indicated that if Gosselin resigned or was terminated by Village within one year of employment, he was required to "pay back all the monies paid to [him] from the bonus compensation" within 30 days of termination. (Id. at ¶ 36.) Gosselin also executed Loan Originator and Confidentiality Agreements during his employment with Village. (Id. at 37.)

Barton, McNally, and Gosselin (collectively, "Plaintiffs") resigned from their employment with Village on April 15, 2019, along with the remaining two employees at Village's Portland branch. (Id. at ¶¶ 16, 25, 38, 49.) Before resigning from Village, Barton had entered into discussions and accepted employment with Total Mortgage Services. (Id. at ¶ 18.) Village alleges that Barton solicited Village's four other Portland employees to resign and join Total Mortgage Services along with him. (Id. at ¶ 19.) Before their resignations, McNally and Gosselin redirected Village customers to Total Mortgage Services. (Id. at ¶¶ 27 & 45.) On April 19, 2019, Village sent McNally and Gosselin cease and desist letters to which they never responded. (Id. at ¶¶ 28 & 29, 45 & 46.)

Gosselin had been paid $49,500 in sign-on bonus payments when he resigned. (Id. at ¶ 40.) On April 17, 2019, Village sent him a letter stating that within 30 days of his resignation, he was required to return the net balance in sign-on bonus monies paid to him, a total of $31,658.40. (Id. at ¶ 42.) Village sent another letter on May 1, reminding Gosselin of his obligation to return the sign-on bonus compensation. (Id. at ¶ 43.) Gosselin never responded to these letters and has not returned the compensation or otherwise repaid Village. (Id. at ¶ 45.)

In July 2019, Plaintiffs filed a complaint (ECF No. 1) alleging that Village has not paid or did not timely pay commissions and/or bonuses owed them, in violation of 26 M.R.S.A. § 626.[1]

---

[1] That statute states, "An employee leaving employment must be paid in full no later than the employee's next established payday."

Plaintiffs filed their amended complaint (ECF No. 15) in August 2019. On September 3, 2019, Village filed an Answer to the Amended Complaint (ECF No. 21). The next day, Magistrate Judge Nivison filed a scheduling order (ECF No. 22), which set November 20, 2019, as the deadline for amending pleadings. Following a joint objection to the scheduling order (ECF No. 25), Judge Nivison issued an Amended Scheduling Order (ECF No. 26), which did not alter the deadline to amend pleadings. On November 20, Village filed an Amended Answer (ECF No. 28) in which it added a request for a jury trial on counterclaims against the Plaintiffs. On December 4, 2019, Plaintiffs filed the pending Motion to Dismiss Village's Amended Answer (ECF No. 33).

## II.  DISCUSSION

In its counterclaims, Village alleges that Gosselin breached his agreement as to the sign-on bonus (Count 1), that Gosselin was unjustly enriched by his sign-on bonus (Count 2), that Gosselin breached the Loan Originator and Confidentiality Agreements he signed with Village (Counts 3 & 4), and that Plaintiffs breached a duty of loyalty owed Village during their employment with the company. Plaintiffs provide arguments on the merits as well as procedural reasons for dismissing these counterclaims. The Court first addresses one of the arguments on the merits—that the counterclaims are barred by 26 M.R.S.A. § 626.

26 M.R.S.A. § 626 provides:

> In any action for unpaid wages brought under this subchapter, the employer may not deduct as a setoff or counterclaim any money allegedly . . . owed to the employer by the employee, notwithstanding any procedural rules regarding counteractions, provided that any overcompensation may be withheld if authorized under section 635 and any loan or advance against future earnings or wages may be deducted if evidenced by a statement in writing signed by the employee, and that nothing in this section may be construed to limit or restrict in any way any rights that the employer has to recover, by a separate legal action, any money owed the employer by the employee.

Plaintiffs argue that Village's counterclaims seek money damages allegedly owed to

Village by the Plaintiffs and are therefore barred by section 626. In support, Plaintiffs cite a Maine Superior Court order, McIntosh v. Taggert Construction, Inc., which dismissed a defendant's counterclaims in a lawsuit brought under 26 M.R.S.A. § 626. No. Civ.A. CV-02-301, 2002 WL 31546074, *1-2 (Me. Super. Ct. Oct. 2, 2002). In response, Village points out that Maine's Supreme Judicial Court has at least twice permitted defendant employers to raise counterclaims alleging money owed them by plaintiff employees in lawsuits brought under section 626. See Bernier v. Merrill Air Eng'rs, 770 A.2d 97, 103 (Me. 2001); Glynn v. Atl. Seaboard Corp., 728 A.2d 117, 119 (Me. 1999).

From the Law Court opinions, however, it is clear that the statutory issue raised by Plaintiffs here was not raised in those appeals. In this Court's view, the McIntosh court properly applied section 626. The statute clearly states that, in any action brought under section 626, employers "may not deduct as a . . . counterclaim any money allegedly . . . owed to the employer by the employee." 26 M.R.S.A. § 626. This, the statute states, does not "limit or restrict in any way any rights that the employer has to recover, by a separate legal action, any money owed the employer by the employee." Id. The plain text thus indicates the Legislature's intent to shield workers seeking unpaid wages from attacks on that judgment by defendant employers. The statute envisions a process whereby employees may pursue an unpaid wage claim free of defendant counterclaims, presumably hastening their ability to collect judgment, and defendant employers who allege amounts owed must file a separate action to collect those sums. Such separate actions would not be claim precluded, as section 626 makes it impossible for defendant employers' claims to be litigated in a section 626 action. See In re Guardianship of Jewel M., 2 A.3d 301, 310 (Me. 2010) ("Claim preclusion bars the relitigation of claims if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the

4

matters presented for decision in the second action were, or *might have been*, litigated in the first action." (emphasis added)). Such actions would only be issue precluded insofar as they amount to a defense in the section 626 action. See id. ("Issue preclusion . . . 'prevents the relitigation of factual issues already decided if the identical issue was determined by a prior final judgment, and . . . the party estopped had a fair opportunity and incentive' in an earlier proceeding to present the same factual issue or issues it wishes to litigate again in a subsequent proceeding." (second alteration in original) (quoting Macomber v. MacQuinn-Tweedie, 834 A.2d 131, 138-39 (Me. 2003))). Forcing two separate proceedings is consistent with the Legislature's intent to more effectively deter employers from refusing or delaying payment of wages owed at the termination of employment. See H.R. 107-991, Reg. Sess., at 2-3 (Me. 1975), http://lldc.mainelegislature.org/Open/LDs/107/107-LD-0991.pdf ("The purposes of this bill are: 1. To provide a greater deterrent."). In short, the Court agrees with movants that the text and purpose of section 626 bar Village's counterclaims. Therefore, the Court GRANTS dismissal of Village's counterclaims based on 26 M.R.S.A. § 626.[2]

### III. CONCLUSION

For the reasons explained herein, the Court GRANTS Plaintiffs' Motion (ECF No. 33), and Defendant's counterclaims are dismissed without prejudice.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 3rd day of February, 2020.

---

[2] Because the Court dismisses the counterclaims on section 626 grounds, it need not reach the Plaintiffs' arguments that Village's counterclaims be dismissed on grounds that Village failed to seek leave to amend its answer pursuant to Federal Rule of Civil Procedure 15(a) or that Count V must be dismissed because it alleges violation of a duty they did not owe Village.