UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| DERON BARTON, et al., | ) | |
|---|---|---|
| | ) | |
| Plaintiffs | ) | |
| v. | ) | 2:19-cv-00318-GZS |
| | ) | |
| VILLAGE MORTGAGE COMPANY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

## RECOMMENDED DECISION

On January 8, 2020, the Court granted the motion of Attorneys Amy K. Olfene and Emily T. Howe to withdraw as counsel for Defendant Village Mortgage Company. (Order, ECF No. 40.) In the order, the Court wrote:

> Defendant Village Mortgage Company shall arrange for counsel to enter an appearance for it on or before January 31, 2020. If Defendant Village Company fails to arrange for counsel to enter an appearance by January 31, 2020, a default could enter against Defendant Village Mortgage Company.

Because counsel did not enter an appearance for Defendant Village Mortgage Company and because Defendant did not otherwise communicate its intentions to the Court, on February 5, 2020, the Court entered an Order to Show Cause. (Order, ECF No. 44.) In the order, the Court established February 19, 2020, as the date by which Defendant must show cause as to why it has failed to comply with the Court's order. (*Id*.) The Court wrote, "[i]f Defendant Village Mortgage Company fails to comply with this order, a default could enter against it." (*Id*.)

To date, new counsel has not entered an appearance on behalf of Defendant Village Mortgage Company nor has Defendant communicated with the Court. Given Defendant's failure to show cause and Defendant's failure to communicate with the Court, I recommend the Court enter a default against Defendant.

## Discussion

Federal Rule of Civil Procedure 16(f) provides in relevant part:

> (1) On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: … (C) fails to obey a scheduling or other pretrial order.

Rule 37(b)(2)(A)(vi) authorizes the Court to impose sanctions, including the entry of a default, upon a party's failure to comply with a court's pretrial order. A party who disregards a court order "does so at its own peril." *Hooper-Haas v. Ziegler Holdings, LLC*, 690 F.3d 34, 37 (1st Cir. 2012). Whether default is an appropriate sanction for the violation of a court order depends on the circumstances of each case. *Id*. at 38. Among the factors a court should consider are whether the party had "fair warning of the possible consequences of the misconduct," and an opportunity to be heard. *Id*.

In this case, although Defendant failed to arrange for new counsel to enter its appearance as ordered, and although Defendant failed to communicate in any way with the Court, the Court did not immediately enter a default. Instead, the Court provided Defendant the opportunity to show cause as to why a default should not enter. The Court again advised Defendant that its failure to comply with the Court's order could result in the entry of a

default. In other words, the Court notified Defendant of the possible consequence of its failure to arrange for new counsel to enter an appearance and afforded Defendant the opportunity to explain its lack of compliance with the Court's order. Defendant, however, failed to respond to the Court's order. Under the circumstances, the entry of a default on Plaintiff's claims against Defendant Village Mortgage Company is warranted.

## Conclusion

Based on the foregoing analysis, I recommend the Court enter default against Defendant Village Mortgage Company.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of March, 2020.